**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND | No. C-13-00731 DMR |
| 12 FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS | |
| 13 VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF | |
| 14 TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN | **REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION** |
| 15 CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND | **RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [DOCKET NO.** |
| 16 RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, | **16]** |

17              Plaintiffs,

18        v.

19 A & B BUILDING MAINTENANCE CO.,
20 INC.,
              Defendant.
21 _____/

22

23        Plaintiffs Boards of Trustees for Laborers Trust Funds move the court pursuant to Federal

24 Rule of Civil Procedure 55(b)(2) for entry of a default judgment against Defendant A&B Building

25 Maintenance Co., Inc. ("A&B Building"). [Docket No. 16.]  Plaintiffs ask the court to order A&B

26 Building to pay due and unpaid fringe benefit contributions, interest and liquidated damages due and

27 owing, and attorneys' fees and costs.  A&B Building has not filed a declination or consent to the

28 jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  Therefore, the court requests that

this case be reassigned to a District Judge, and issues this Report and Recommendation, with a recommendation that the motion be granted.

## I. Background and Procedural History

Plaintiffs are the Boards of Trustees for the Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("the Trust Funds").  The Trust Funds, created by written Trust Agreements, consist of, *inter alia*, all employee fringe benefit contributions that are to be made by employers pursuant to collective bargaining agreements.  Compl. ¶¶ 3-6 [Docket No. 1]; Lauziere Decl. [Docket No. 17]  ¶ 10, Exs. A, B (Trust Agreement for Laborers Pension Trust Fund[1]).  The Trust Funds are multi-employer benefit plans within the meaning of Sections 3 and 4 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002, 1003.  Compl. ¶ 5.  A&B Building is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Compl. at ¶ 7.

A&B Building executed a memorandum agreement with the Northern California District Council of Laborers ("Laborers Union") on March 14, 2008.  Compl. ¶ 9; Lauziere Decl. ¶ 6, Ex. F (Memorandum Agreement dated March 14, 2008).  By signing the memorandum agreement, A&B Building became bound to a written collective bargaining agreement with the Laborers Union entitled the Laborers' Master Agreement for Northern California  ("Master Agreement").  Compl. ¶ 9.  The Master Agreement requires that employers pay contributions to the Trust Funds for each hour their employees work as laborers.  Compl. ¶ 10; Lauziere Decl. ¶ 16, Ex. G (Sections 28A and 28B of the Master Agreement).  Furthermore, an employer who fails to make the required contributions on or before the 25th day of the month is subject to interest on the delinquent contribution at a rate of 1.5% per month, as well as liquidated damages, which are set at $150 for

---

[1] Plaintiffs represent that the Trust Agreements for all four of the Trust Funds contain the same terms and conditions as the Trust Agreement for the Pension Trust Fund for Northern California and therefore, the references to the Pension Trust Fund apply to all the Trust Funds.  Lauziere Decl. ¶ 11.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  each delinquent contribution.  Compl. ¶ 10; Lauziere Decl. ¶ 16, Ex. H (Liquidated Damage

2  Program - Board Policy).  The Master Agreement permits the Boards of Trustees to file a lawsuit to

3  recover payment of delinquent contributions and all attorneys' fees and costs incurred.  Compl. ¶ 10;

4  Lauziere Decl. ¶ 13, Ex. D (Article IV, Section 3 of the Master Agreement).

5      Plaintiffs allege that they have performed all conditions required of them by the terms of the

6  Master Agreement.  Compl. ¶ 12.  Plaintiffs further allege that A&B Building failed to report and

7  pay all employee fringe benefit contributions for the "period years"[2] ending December 2008 and

8  December 2009.  Compl. ¶ 13; Lauziere Decl. ¶ 17.

9      Plaintiffs filed the current action in this court on February 19, 2013 pursuant to Section 301

10  of the LMRA, 29 U.S.C. § 185, and Sections 502(a)(3) and 502(e)(1) of ERISA, 29 U.S.C. §§

11  1132(a)(3) and 1132(e)(1) to recover due and unpaid benefit contributions, interest, liquidated

12  damages, attorneys' fees, and filing costs.  On March 7, 2013, Plaintiffs voluntarily dismissed

13  Robert L. Hernandez, the Responsible Managing Officer, CEO, and President of A&B Building,

14  after they received notice of Hernandez's Chapter 7 bankruptcy proceeding.[3]  *See* Pls.' Req. to

15  Dismiss Def. Robert L. Hernandez Without Prejudice [Docket No. 6] at 2.  On April 9, 2013, A&B

16  Building executed a waiver of service.  [Docket No. 7.]  The waiver of service specifies that A&B

17  Building must file and serve an answer or motion within 60 days from February 27, 2013.  *Id.*  A&B

18  Building filed no responsive pleading by the April 29, 2013 deadline.  *See* Pls.' Case Management

19  Statement [Docket No. 9] at 2.  Plaintiffs' counsel informed A&B Building that they would proceed

20  with filing a request for clerk's entry of default if no responsive pleading was provided by May 10,

21  2013.  *Id.*  On May 9, 2013, A&B Building's counsel represented to Plaintiffs' counsel that no

22

23      [2]  Plaintiffs use the term "period year" to describe the periods of time that A&B Building failed
24  to make contributions to the Trust Funds.  Compl. ¶ 13; Lauziere Decl. ¶ 17.  At the hearing on the
   motion on September 26, 2013, Plaintiffs' counsel explained that Plaintiffs had used the term "period
25  years" because it was not clear from their audit which months in 2008 and 2009 A&B Building's
   employees worked hours for which A&B Building failed to make contributions.  For that reason,
26  Plaintiffs' calculations presume that those hours were worked in the last month of those years, i.e.
   December 2008 and December 2009.

27      [3]  Although Plaintiffs did not specify the Defendant against whom they alleged their third claim
28  for relief for breach of fiduciary duty, it appears to be against Defendant Robert Hernandez.  Compl.
   ¶¶ 21-24.  Plaintiffs appear to have abandoned this claim, as they do not seek default judgment on it.

1    response would be filed.  *Id.*  Plaintiffs' counsel filed a motion for entry of default on May 22, 2013,

2    which the clerk entered the following day.  [Docket Nos. 8, 10.]   Plaintiffs filed this motion for

3    default judgment on July 30, 2013.  [Docket No. 8.]  The court held a hearing on September 26,

4    2013; A&B Building did not appear.

5                                **II.  Default Judgment**

6          **A.       Legal Standard**

7          Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case

8    following a defendant's default.  Whether to enter a judgment lies within the court's discretion.

9    *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Shanghai Automation Instrument Co., Ltd. v.*

10   *Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001).

11          Before assessing the merits of a default judgment, a court must confirm that it has subject

12   matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the

13   adequacy of service on the defendant.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  If the court

14   finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine

15   whether it should grant a default judgment:

16          (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive
            claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the
17          action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the
            default was due to excusable neglect, and (7) the strong policy underlying the Federal
18          Rules of Civil Procedure favoring decision on the merits.

19   *Eitel*, 782 F.2d at 1471-72 (citation omitted).  In this analysis, "the well-pleaded allegations of the

20   complaint relating to a defendant's liability are taken as true."  *Cripps v. Life Ins. Co. of N. Am.*, 980

21   F.2d 1261, 1267 (9th Cir. 1992).  Nevertheless, default does not compensate for essential facts not

22   within the pleadings and those legally insufficient to prove a claim.  *Id.*  The fourth factor focuses on

23   the amount at issue in the action, as courts should be hesitant to enter default judgments in matters

24   involving large sums of money.  "When the money at stake in the litigation is substantial or

25   unreasonable, default judgment is discouraged."  *Bd. of Trs. v. Core Concrete Constr., Inc.*, No. C

26   11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472).

27   However, when "the sum of money at stake is tailored to the specific misconduct of the defendant,

28   default judgment may be appropriate."  *Id.* (citations omitted).

United States District Court

For the Northern District of California

4

United States District Court

For the Northern District of California

1

2

3       **B.      Analysis**

4          This court has subject matter jurisdiction over this case pursuant to 29 U.S.C. §§ 185

5   (granting labor union organizations power to sue employers in federal court) and 1132 (empowering

6   ERISA plan fiduciaries to bring civil actions to enforce plan terms).  A&B Building qualifies as an

7   "employer" under 29 U.S.C. §§ 152(2) and 1002(5), and as an employer in an industry affecting

8   commerce within the meaning of 29 U.S.C. § 185.  Compl. ¶ 7.  The court exercises personal

9   jurisdiction over A&B Building because it is a California corporation with its principal place of

10  business located in San Jose, California.  Compl. ¶ 7.  Regarding the adequacy of service of process,

11  Federal Rule of Civil Procedure 4(d)(1) allows a plaintiff to notify and request from a defendant a

12  waiver of the service of summons.  Fed. R. Civ. P. 4(d)(1).  Once the waiver is filed, proof of service

13  is no longer required and the Federal Rules of Civil Procedure regarding service apply as if the

14  summons and complaint had been properly served upon the defendant.  Fed. R. Civ. P. 4(d)(4).

15  Here, A&B Building executed and returned a waiver of the service of summons on April 9, 2013.

16  [Docket No. 9 at 2.]

17         Turning to the first *Eitel* factor, Plaintiffs will suffer great prejudice if the court does not

18  enter a default judgment against A&B Building because Plaintiffs are otherwise likely to be without

19  further recourse for recovery.  *See U.A. Local No. 467 Trust Fund v. Hydra Ventures, Inc.*, No. C-

20  12-3746 EMC, 2013 WL 1007311, at *6 (N.D. Cal. Mar. 13, 2013) (first *Eitel* factor weighed in

21  favor of default judgment for plaintiffs trust funds against defendant employer who had failed to

22  make employee benefits contributions because plaintiffs would otherwise likely be without a

23  remedy); 29 U.S.C. § 1132(e)(1) (except for actions under §1132(a)(1)(B),[4] the United States district

24

25  _____

26      [4] Section 1132(a)(1)(B) provides that a participant or beneficiary may bring a civil action to
    recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan,
27  or to clarify his rights to future benefits under the terms of his plan.  29 U.S.C. § 1132(a)(1)(B).  This
    exception does not apply in this case because Plaintiffs allege that the court has jurisdiction pursuant
28  to Section 1132(a)(3).  Compl. ¶ 1.

**United States District Court**
For the Northern District of California

1  courts have exclusive jurisdiction of civil actions brought by a participant, beneficiary, fiduciary, or

2  any person referred to in Section 1201(f)(1) of this title).

3      Furthermore, the Complaint sufficiently pleads the elements of a violation of 29 U.S.C. §

4  1145.[5]  Specifically, the Complaint claims that A&B Building is an employer obligated under the

5  collective bargaining agreement to make contributions to the Trust Funds and that A&B Building

6  failed to do so.  Compl. ¶¶ 7-13.  In support of their claim, Plaintiffs provided a copy of the Master

7  Agreement, signed by A&B Building on March 14, 2008.  Lauziere Decl. ¶ 6, Ex. F (March 14,

8  2008, Memorandum Agreement).  Furthermore, Michelle Lauziere, Plaintiffs' Accounts Receivable

9  Manager, submitted a declaration stating that Plaintiffs audited A&B Building on June 20, 2012 and

10 discovered that A&B Building failed to report and thus failed to pay contributions due for the period

11 years ending in December 2008 and December 2009.  Lauziere Decl. ¶¶ 17-18.  Plaintiffs have

12 produced a summary of the results of the audit showing the number of hours of covered work for

13 which contributions were due but not paid.  Lauziere Decl. ¶¶ 17-18, Ex. I (Statement of

14 Contributions Due The Laborers Trust Funds [Not Reported/Not Paid]).  Thus Plaintiffs have

15 submitted a legally sufficient complaint that is likely to prevail on the merits and fulfill the second

16 and third *Eitel* factors.

17     The fourth *Eitel* factor, the sum of money at stake in the action, also weighs in favor of the

18 Plaintiffs.  "When the money at stake in the litigation is substantial or unreasonable, default

19 judgment is discouraged."  *Core Concrete Const., Inc.*, 2012 WL 380304, at *4 (citing *Eitel*, 782

20 F.2d at 1472).  However, "when the sum of money at stake is tailored to the specific misconduct of

21 the defendant, default judgment may be appropriate."  *Id.*  In *Core*, for example, the court found this

22 factor weighed in favor of default judgment for the plaintiffs boards of trustees of trust funds

23 because the amount of money they sought against an employer who had failed to make contributions

24 to the trust funds was supported by the evidence and required by the collective bargaining agreement

25 and 29 U.S.C. § 1132.  *Id.*  Here, the total sum of actual and statutory damages, interest, attorneys'

26 _____

27     [5] Section 1145 provides, in relevant part, that "[e]very employer who is obligated to make
   contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively
   bargained agreement shall, to the extent not inconsistent with law, make such contributions in
28 accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

fees, and costs that Plaintiff seeks to recover is $119,246.05.[6] [Docket No. 16 at 7.]  This sum is reasonable, tailored to A&B Building's alleged misconduct, and properly calculated, as discussed further below.

With respect to the fifth prong, A&B Building has not appeared in this action, let alone contested any of Plaintiffs' material facts.  Finally, nothing in the record suggests that A&B Building defaulted due to excusable neglect.  A&B Building signed a waiver of the service of summons on April 9, 2013, and was therefore on notice of its obligation to file and serve an answer or motion by the deadline (60 days from the date the request was sent, or April 29, 2013) and failed to do so.

Examining these facts in the aggregate, the court finds that the first six *Eitel* factors outweigh the Federal Rules of Civil Procedure's strong preference for a decision on the merits.  The court therefore recommends that Plaintiffs' motion for default judgment be granted.

### III. Damages

To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit.  *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d, 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).  With respect to cases arising out of ERISA, the statute declares the following:

> in any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

---

[6] This sum represents: $43,949.10 (unpaid contributions), $30,114.56 (interest), $30,114.56 (additional award pursuant to § 1132(g)(2)(C)), $13,834.00 (attorneys' fees), and $1,233.84 (costs). [Docket No. 16 at 7.]

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    (E) such other legal or equitable relief as the court deems appropriate.

2    29 U.S.C. § 1132(g)(2).

3        **A.    Unreported, Unpaid Contributions and Interest and Liquidated Damages
          Thereon**

4

5        Plaintiffs learned that A&B Building failed to report and failed to pay employee fringe

6    benefit contributions for the period years ending December 2008 and 2009 totaling $43,949.10.

7    Lauziere Decl. ¶ 17, Ex. I (Statement of Contributions Due to The Laborers Trust Funds [Not

8    Reported/Not Paid]).  The total interest due on this principal totals $30,114.56.  Lauziere Decl. ¶ 19

9    (the 1.5% per month interest due was compounded monthly from the month in which each

10   delinquent contribution for each Trust Fund was recorded and accumulated, through December 25,

11   2012), Ex. H (Liquidated Damages Program - Board Policy)).

12       For A&B Building's unreported, unpaid contributions, the contractual liquidated damages is

13   $300.  Lauziere Decl. ¶ 20, Ex. K (Statement of Interest and Liquidated Damages Due [Not

14   Reported/Not Paid]) ($150 in liquidated damages for each delinquent contribution); *Idaho Plumbers*

15   *& Pipe Fitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th

16   Cir. 1989) (ERISA requires assessment of liquidated damages if "(1) the fiduciar[ies] obtain a

17   judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan

18   provides for liquidated damages").  However, pursuant to Section 1132(g)(2)(C), Plaintiffs are

19   entitled to the greater of the interest on the unpaid contributions or liquidated damages, and therefore

20   the court awards Plaintiffs an additional sum of $30,114.56.

21       The court recommends that Plaintiffs be awarded the total due for A&B Building's

22   unreported, unpaid contributions, with interest and additional statutory damages, or $104,178.22.

23   Lauziere Decl. ¶ 23.

24       **B.    Attorneys' Fees and Costs**

25       To date, Plaintiffs have incurred $13,834 in attorneys' fees based upon the following rates

26   and hours: (1) 19 hours by Ronald Richman, a senior law firm shareholder, at a rate of $345 per

27   hour; and (2) 25 hours by Arlena Carrozzi, an associate, at a rate of $290 per hour.  Richman Decl.

28   [Docket No. 18] ¶ 4, Ex. A; Richman Supplemental Decl. [Docket No. 22] ¶ 5, Ex. A.  These are

**United States District Court**
For the Northern District of California

1  reasonable San Francisco Bay Area rates for ERISA claims.  *See, e.g.*, *Oster v. Std. Ins. Co.*, 768 F.

2  Supp. 2d 1026, 1035 (N.D. Cal. 2011) (approving hourly rate of $400 for associates and $150 for

3  paralegals); *Langston v. N. Am. Asset Dev. Corp. Group Disability*, No. 08-2560 SI, 2010 WL

4  1460201, at *2 (N.D. Cal. Apr. 12, 2010) (approving hourly rate of $550 for partner and $150 for

5  paralegals); *Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008) (approving

6  hourly rates of $350 and $330 for associates).  Having reviewed Plaintiffs' billing records, the court

7  finds that the 44.1 hours expended on this case are reasonable.   The court therefore recommends

8  that Plaintiffs recover $13,834 in attorneys' fees.

9        Federal Rule of Civil Procedure 54(d)(1) grants district courts the discretion to award costs

10  to prevailing parties.  Fed. R. Civ. P. 54(d)(1); *Marx v. General Revenue Corp.*, 133 S. Ct. 1166,

11  1172 (2013).  Plaintiffs have incurred $1,233.83 in reasonable costs in the action to date.  Richman

12  Decl. ¶ 6, Ex. A; Richman Supplemental Decl. ¶ 6, Ex. A.  The court therefore recommends that

13  Plaintiffs be granted $1,233.83 in costs.

14                                **IV.  Conclusion**

15        For the foregoing reasons, the court recommends that the District Court grant Plaintiffs'

16  motion for default judgment against A&B Building.  The court further recommends that the District

17  Court award Plaintiffs unpaid contributions, interest, and statutory damages in the amount of

18  $104,178.22, and attorneys' fees and costs amounting to $13,834.00 and $1,233.83, respectively, for

19  a total of $119,246.05.

20        Immediately upon receipt of this order, Plaintiffs shall serve a copy of this order on A&B

21  Building and file proof of service with the court.  Any party may file objections to this report and

22  recommendation with the District Judge within 14 days of being served with a copy.  *See* 28 U.S.C.

23  § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

24        IT IS SO ORDERED.

25  Dated: October 1, 2013

26

27                                          _____
                                            DONNA M. RYU
28                                          United States Magistrate Judge